UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY E. BELTON, SR., )
 )
Plaintiff, )
 )
v. ) Civil Action No. 11-102
 )
UNITED STATES OF AMERICA, *et al.*, )
 )
Defendants. )

## MEMORANDUM OPINION

This matter is before the Court upon consideration of plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The application will be granted, and the complaint will be dismissed.

Plaintiff purports to bring a civil rights action under 42 U.S.C. §§ 1983 and 1985, and under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. § 2674 *et seq.*, arising from the denial of benefits owed for a service-connected injury sustained in 1972. The Secretary of Veterans Affairs "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." 38 U.S.C. § 511(a). The Secretary's decisions "as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court[.]" *Id.* A federal district court does not have jurisdiction over matters relating to veterans benefits. *Price v. United States*, 228 F.3d 420 (D.C. Cir. 2000) (the Veterans' Benefits Act of 1957 "precludes judicial review in Article III courts of VA decisions affecting the provision of veterans' benefits"), *cert. denied*, 534 U.S. 903 (2001).

Insofar as plaintiff attempts to bring an action under *Bivens v. Six Unknown Named*

*Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 396 (1971), against the defendants in their individual capacities, no such remedy is available. *See Thomas v. Principi*, 394 F.3d 970, 975-76 (D.C. Cir. 2005) (affirming dismissal of *Bivens* claims against Department of Veterans Affairs employees for constitutional torts in the context of a dispute over veterans' benefits). Furthermore, plaintiff's FTCA claim fails because "the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 478 (1994); *see Zakiya v. United States*, 267 F. Supp. 2d 47, 56 (D.D.C. 2003).

The Court will dismiss the complaint in part for lack of subject matter jurisdiction and in part because it fails to state a claim for which relief can be granted. An Order is issued separately.

DATE: Feb. 16, 2011

Colleen Kollar-Kotelly
United States District Judge